Mr. Isadore F. Rommes, Jr. City Attorney City of Perry
QUESTION:
May the city clerk serve as acting city manager, performing the duties of that office, without violating the dual officeholding prohibition in s. 5(a), Art. II, State Const.?
SUMMARY:
The city council as the legislative body of the city may be ordinance impose ad interim the additional or ex officio duties and functions of the office of city manager on the city clerk and the designation of such officer to perform ex officio the duties and responsibilities of the city manager until such time as the city council has duly appointed a permanent city manager does not violate s. 5(a), Art. II, State Const.
You state that the City of Perry recently adopted a new charter which substantially revises the governmental structure of the city and provides for the administration of city government by an appointive city manager. The new charter also abolishes the position of city clerk which under the old charter was an elective position. The present city clerk, however, will continue in office until his present term expires in 1983. According to your letter, the city council is now in the process of hiring a city manager but does not anticipate filling that position immediately; the council therefore has discussed the appointment of the city clerk as acting city manager until a permanent city manager is hired. Section 10.03(E), Art. X, places a duty on the city council, subsequent to the adoption of the new charter, to `consider the appointment of a city manager or acting city manager.' (Emphasis supplied.) A question, however, has arisen as to whether such an appointment or assignment of the duties of city manager to the city clerk violates the dual officeholding provisions of s. 5(a), Art. II, State Const.
Section 5(a), Art. II, State Const., prohibits a person from simultaneously holding `more than one office under the government of the state and the counties and municipalities therein . . . .' In the instant inquiry, it is not necessary to determine whether the new appointive position of city manager and the continued elective position of city clerk are municipal offices as both the city manager and the city clerk are clearly designated as officers of the city by the newly adopted city charter, and under the provisions of the former charter the city clerk clearly is an elected officer of the city. See s. 3.01, Art. III, of the new city charter which states that there shall be a city manager who shall be the chief administrative officer of the city; and s. 10.02(c), Art. X, which provides in part that the elective office
of city clerk as defined in the former charter of the city is abolished but that said officer, presently serving in such office, will continue until his term expires, pursuant to the provisions of the former charter of the City of Perry. See also s. 31, Art. VI, of the former charter of the City of Perry, ch. 5359, 1903, Laws of Florida, as amended by s. 5, ch. 5535, 1905, Laws of Florida; s. 4, ch. 31170, 1955, Laws of Florida; and ch. 63-1779, Laws of Florida.
Recently the Florida Supreme Court in Bath Club Inc. v. Dade County, 394 So.2d 110, 112 (Fla. 1981), considered the constitutional provision against dual officeholding, stating that s. 5(a), Art. II, State Const., was `manifestly fashioned to ensure that multiple state, county, and municipal offices will not be held by the same person. Underlying this objective is the concern that a conflict of interest will arise by dual officeholding whenever the respective duties of office are inconsistent.' Where, however, additional or ex officio duties are imposed upon or assigned to a particular officer by the legislative body of a municipality and there is no inconsistency between the new and the preexisting duties, the dual officeholding prohibition does not preclude such an assignment. The newly assigned duties are viewed as an addition to the existing duties of the officer. See Bath Club Inc. v. Dade County, supra; State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955); Stateex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939), and AGO's 080-97 and 080-12. Thus the imposition of additional or ex officio duties and responsibilities upon the city clerk by the city council to perform ex officio duties of another office would not be violative of s. 5(a), Art. II, State Const., provided that the additional duties imposed are in no way inconsistent with the municipal duties already being performed by the city clerk.
Under the provisions of the former city charter (pursuant to which the city clerk continues to serve, see s. 10.02(C), Art. X, of the new charter), the functions and duties of the clerk `shall be as prescribed by ordinance of the city council.' See s. 31, Art. VI, ch. 5359, 1903, Laws of Florida, as amended. The new charter provides that the city manager is responsible to the city council for the administration of all city affairs, s. 3.01, Art. III; s. 3.04, Art. III sets forth the powers and duties of the city manager which include, inter alia, advising the city council as to the financial needs of the city, preparing the annual budget, and performing `such other duties as he may be prescribed by this Charter, or may be required of him by the city council, not inconsistant [sic] herewith.' It does not appear from my examination of the former and the new city charters that the offices of city clerk and city manager and the duties and responsibilities assigned to each are incompatible. Accordingly, if the city council by ordinance imposes ad interim the additional or extra duties and functions of the city manager prescribed in the new charter on the city clerk, the clerk may serve as the acting city manager performing such duties until such time as the city council has duly appointed a city manager. Cf. s. 3.03, Art. III, of the new charter which provides that during the temporary absence or disability of the city manager, the city manager shall designate, subject to the council's approval, a qualified city administrative officer as acting city manager; the council, however, `may revoke such designation at any time and thereupon shall appoint another officer of the city to serve until the city manager shall return or his disability shall cease.'
Prepared by: Joslyn Wilson, Assistant Attorney General